404

657 A.2d 1231

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. CAMERON JACK, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 1, 1995—Decided May 18, 1995.

Before Judges BRAITHWAITE and BILDER.

*Susan Reisner,* Public Defender, attorney for appellant (*Jane E. Haburay,* Designated Counsel, of counsel, and on the brief).

*Deborah T. Poritz,* Attorney General, attorney for respondent (*Paul H. Heinzel,* Deputy Attorney General, of counsel and on the letter brief).

The opinion of the court was delivered by

BILDER, J.A.D. (retired and temporarily assigned on recall).

Although in the form of an appeal from a judgment of conviction as an adult, this is in fact an appeal by a defendant who is now a few months short of 19 from the order of the Family Part transferring jurisdiction of the criminal charges pending against him to the Law Division pursuant to *N.J.S.A.* 2A:4A–26.[1] Following that transfer and indictment on charges of armed robbery, *N.J.S.A.* 2C:15–1, aggravated assault, *N.J.S.A.* 2C:12–1b(4), conspiracy, *N.J.S.A.* 2C:5–2, possession of a tear gas gun with purpose to use it unlawfully against another, *N.J.S.A.* 2C:39–4a, and unlawful possession of a tear gas gun, *N.J.S.A.* 2C:39–5b, defendant pled guilty to second degree conspiracy to commit armed robbery. The plea was entered as part of an agreement whereby defendant reserved his right to challenge the jurisdiction waiver, *see R.* 3:9–3(f), and the State agreed to accept a plea to second

---

[1] The Family Court order was not reviewable as of right; it is preserved for this appeal. *See State v. Ferguson,* 255 *N.J.Super.* 530, 536, 605 A.2d 765 (App.Div.1992).

degree conspiracy as a lesser offense [2], to recommend the dismiss- al of the remaining counts of the indictment as well as a separate indictment that charged defendant with escape [3], and to recom- mend that any custodial sentence not exceed an indeterminate term of 5 years.

On November 5, 1992, defendant was sentenced in accordance with that agreement to the Garden State Reception and Youth Correctional Facility for an indeterminate term not to exceed 5 years and the other charges were dismissed. Defendant was 16 at the time of the offense, 16½ at the time of the waiver hearings, and almost 17½ at the time of sentencing. On June 28, 1995 he will be 19.

On appeal defendant challenges the propriety of the waiver hearing, contending that his counsel's assistance was so deficient as to have deprived him of his sixth amendment right to counsel. *See Strickland v. Washington,* 466 *U.S.* 668, 687, 690, 104 *S.Ct.* 2052, 2064, 2066, 80 *L.Ed.*2d 674, 693, 695 (1984); *State v. Fritz,* 105 *N.J.* 42, 60–61, 519 *A.*2d 336 (1987). He seeks a remand to the Family Part for a new hearing. In his brief on appeal, defendant makes the following contention:

THE COURT MUST REMAND THE MATTER TO THE FAM-
ILY COURT FOR A NEW JURISDICTIONAL HEARING
BECAUSE THE JUVENILE WAS DENIED EFFECTIVE
ASSISTANCE OF COUNSEL.

I.

The waiver hearing was conducted in two parts. Defendant makes no challenge to the determination made in the first part

---

[2] As a different attorney for defendant correctly pointed out at the sentencing, this was not a downgrade. Conspiracy to commit a first degree robbery is a second degree offense. *N.J.S.A.* 2C:5–4a.

[3] As the same attorney pointed out at sentencing, the charge of escape had never been waived to adult court and was not a proper subject matter for Indictment. The charge was apparently later dismissed by the Family Part.

that there was probable cause to believe he committed delinquent acts which, if committed by an adult, would constitute an armed robbery. *See N.J.S.A.* 2A:4A–26a(2). His challenge is to the second phase in which he had the burden of showing his rehabilitativeness; that "the probability of his rehabilitation by the use of the procedures, services and facilities available to the court prior to [his] reaching the age of 19 substantially outweighs the reasons for waiver". *N.J.S.A.* 2A:4A–26a(3).

An examination of the second phase hearing shows that defendant's counsel offered no witnesses and confined himself solely to a summation. That summation, set forth in its entirety in the footnote, made no case for rehabilitation.[4] We agree with the characterization subsequent defense counsel made at the sentencing: "There was a complete folding on the phase two as to whether Mr. Jack could be rehabilitated." Moreover, in an affidavit submitted at the time of sentencing, defendant contends he was never advised that he could testify on his own behalf and that others might testify for him.

---

[4] "Judge, the situation here is one where the young man's finding involvement in this incident is one where, although it's a Chart 1 offense, it's not such that I believe that the case should be handled in (sic) an adult. I think that the Court can find by the nature of the incident, although on its [face] appearing to be serious, was not one where we had an actual gun involved. It was a situation that something was used that looked like a gun, but it turned out later not to be anything that could produce any serious injury.

At any rate, Judge, I will submit that the juvenile, nothing has been shown except for the involvement, which I suggest is tangential at best, to suggest that the young man's case should be waived to adult court, and I would ask the Court to consider that.

Along with the problem, Judge, that hasn't really been addressed at this point at the jurisdictional aspect that the matter, I believe, is one that occurred in Middlesex County. That the juvenile, although residing in Essex County, if the matter was to be waived to the adult court, I believe that matter should have been addressed in the Middlesex County forum, because the criteria, although state-wide, the statute certainly might be different with respect to the needs for the matter to be waive[d] pursuant to the statute. And I'm suggesting that matter has not been addressed. If anything it should been transferred to Middlesex County. Then a motion for jurisdictional (sic) made in that county. And that's all I have, Judge, at the point."

■ We find two serious deficiencies which require that the matter be remanded to the Family Part for a rehearing as to whether defendant's case should be waived to the Law Division for trial as an adult. *See State v. Ferguson,* 255 *N.J.Super.* 530, 544, 605 *A.*2d 765 (App.Div.1992). First, as in *Ferguson,* there is a serious issue as to whether counsel informed defendant that he and others had a right to testify at the waiver hearing;[5] clearly defendant did not testify and offered no witnesses. Second, and more importantly, an examination of the sentencing transcript discloses that significant material contained in the pre-sentence report was accepted by the trial judge and led him to conclude that the mitigating factors sufficiently outweighed the aggravating factors as to impose what he considered to be a sentence on an offense one degree lower than that for which he had been indicted. Implicit in the sentencing judge's remarks are notions of defendant's rehabilitatibility.

He's got a bright future ahead of him. He's not a bad person but he's done some terrible things. And he's got to answer for the terrible things he's done.

As in *Ferguson,* we are convinced defendant had inadequate assistance of counsel at this critical stage and the interests of justice require a new waiver hearing with the opportunity for a properly prepared defense presentation.

## II.

■ As noted, defendant is now almost 19. That he would be able to show a probability of rehabilitation at a new hearing would seem a *non sequitur.* Our research has failed to disclose any published opinions on the question[6], however we entertain no

---

[5] Defendant's affidavit is partially corroborated by the fact that he produced a number of supporting letters at sentencing.

[6] Though the question is not discussed, it would appear that the remand for a referral rehearing in *State v. Loray,* 46 *N.J.* 179, 215 *A.*2d 539 (1965) postdated the defendant's 20th birthday; and it would similarly appear that defendant in *State v. R.G.D.,* 108 *N.J.* 1, 527 *A.*2d 834 (1987) was probably at least 19 before the remand.

doubt that defendant's right to a fair waiver hearing cannot be defeated by the fact he is no longer young enough to still achieve rehabilitation before becoming 19. His constitutional rights can still be vindicated by reexamining his situation *nunc pro tunc*. The question on remand will be whether evidence can be presented which can persuade the trial judge that, as of December 17, 1992, there was a probability of defendant's rehabilitation prior to his reaching 19 by procedures, services and facilities available to the court at that time and that the probability substantially outweighs the reasons for the waiver. All information up to the date of that new hearing that is relevant to defendant's chances of rehabilitation should be considered in making the waiver decision. *Id.* at 544, 605 *A.*2d 765.

The matter is remanded to the Family Part for a new hearing as to whether defendant's case should be waived to the Law Division for trial as an adult. If the Family Part judge declines to waive the jurisdiction of the Family Part, the Law Division conviction and sentence shall be vacated and the matter will proceed in the Family Part on the juvenile delinquency complaints. If the Family Part judge concludes that jurisdiction should be waived, subject to defendant's right to appeal that determination, the conviction and sentence are affirmed.