670 A.2d 597

STATE IN THE INTEREST OF J.W.

Superior Court of New Jersey
Chancery Division Middlesex County

Decided September 1, 1995.

158

*Christopher L.C. Kubereit*, for the State (*Robert W. Gluck*, Middlesex County Prosecutor, attorney).

*Samuel L. Silver*, for the juvenile (*Nelson and Epting*, attorneys).

KRAVARIK, J.S.C.

J.W., through his attorney, cross-moved to dismiss the State's motion for waiver of Family Part jurisdiction and referral of the juvenile to adult Criminal Division for prosecution on the grounds that the State's motion was time barred since it was not filed within thirty days. On June 30, 1995, this court denied the juvenile's cross-motion and read its decision on the record.

J.W.'s attorney appealed the decision on July 5, 1995.[1] On the same date, the matter was remanded by the Appellate Division to Family Part for a plenary hearing to determine whether good cause exists to warrant allowing the prosecution to file its waiver application out of time.

The plenary hearing was held on August 29, 1995. The State relied on its prior pleadings and oral argument. The juvenile presented two witnesses; J.W.'s original attorney in this matter, a public defender from Hudson County; and J.W.'s mother.

This appears to be a matter of first impression. This court must determine whether a waiver motion may be filed ninety-one days after the initial filing of the underlying complaint.

J.W. was arrested on January 24, 1995, and a complaint was filed in Hudson County on January 25, 1995, charging J.W. with *N.J.S.A.* 2C:35–10(a)(3); *N.J.S.A.* 2C:35–10(b); *N.J.S.A.* 2C:35–5 (possession of controlled dangerous substance with intent to distribute); *N.J.S.A.* 2C:35–7 (possession of controlled dangerous substance with intent to distribute within 1,000 feet of a school); *N.J.S.A.* 2C:35–10a(1); *N.J.S.A.* 2C:35–10(b); *N.J.S.A.* 2C:35–5b(3); *N.J.S.A.* 2C:36–2; *N.J.S.A.* 2C:35–10(b); and *N.J.S.A.* 2C:29–3(b) (hindering prosecution by attempting to destroy evidence consisting of controlled dangerous substance).

---

[1] J.W.'s attorney went to the Appellate Division before this court read its decision on the record on June 30, 1995. On June 29, 1995, the Appellate Division concluded that the motion was not timely filed and remanded for a determination of good cause.

Venue for J.W.'s complaint was subsequently changed to Middlesex County pursuant to *R.* 5:19–1 and the complaint was docketed here on April 20, 1995. On April 25, 1995, the Middlesex County Prosecutor's Office filed a motion seeking a referral hearing to waive J.W. to adult criminal court pursuant to *N.J.S.A.* 2A:4A–26 and *R.* 5:22–2.

■ The juvenile argues that the State's waiver motion for referral to adult criminal court should be dismissed due to noncompliance with *N.J.S.A.* 2A:4A–26 and *R.* 5:22–2 since the State did not file its motion within thirty days of the date of the filing of the original complaint in Hudson County on January 25, 1995, and that no good cause exists to warrant an exception.

*R.* 5:22–2 provides:

(a) Motion for Referral. A motion seeking waiver of jurisdiction by the Family Part shall be filed by the prosecutor within 30 days after the receipt of the complaint, which time shall not be extended except for good cause shown.

*N.J.S.A.* 2A:4A–26 provides:

d. A motion seeking waiver shall be filed by the prosecutor within 30 days of receipt of the complaint. This time limit shall not, except for good cause shown, be extended.

The juvenile contends that Hudson County should have filed the motion seeking waiver and that, essentially, it was the county to make the decision as to waiver, not Middlesex County. In this case, this would have to be so, since Middlesex County did not receive the complaint until April 20, 1995, well past the thirty day period.[2] It is not unusual, especially considering our overburdened juvenile justice system, that it would take more than thirty days for one county to transfer venue to another county. In fact, J.W.'s original attorney in this matter, a Hudson County public defender, testified that the handling of this case through transfer was routine and timely. If the juvenile's position were to be accepted, the prosecutor of the originating county would be *re-*

---

[2] Date of receipt and date of filing are treated as synonymous by both sides and the court.

*quired* to file the motion seeking waiver to protect the prosecutor of the receiving county's decision as to whether or not to seek waiver. This could produce filing of *pro forma* motions which are subsequently withdrawn and a wasting of scant resources for all involved, including the court.

Pursuant to *R.* 1:1–2, Rules I–VIII are to be construed to secure, among other things, simplicity in procedure. The juvenile's proposed requirement for originating counties to file motions for waiver when venue and the complaint may be transferred would clearly not be in the interests of furthering simplicity in procedure. Rather it would complicate procedure and undoubtedly result in more, rather than less, delay in reaching an adjudication.

This court finds that the prosecutor of Middlesex County has established "good cause" to warrant extending the thirty day period for filing the referral motion pursuant to *R.* 5:22–2 and *N.J.S.A.* 2A:4A–26. This court is satisfied that the Middlesex County Prosecutor's Office acted diligently in filing a motion seeking waiver within five days after its receipt of the complaint in the case of J.W.

The juvenile argued at the time of the original motion that good cause does not exist in this case since the technology existed such that Hudson County should have transferred the case on a more expedited basis. No evidence was presented initially or at the remand hearing that, in fact, Hudson County had such technology or that the prosecutor or court acted unreasonably. *See State v. Detrick,* 192 *N.J.Super.* 424, 426, 470 *A.*2d 933 (App.Div.1983) (lapse of seven and one-half months did not violate defendant's right to a speedy trial since, among other things, the delay was "reasonably explained and justified by the transfer of the matter between municipal courts.").

The defense produced two witnesses. The public defender initially handling J.W.'s case in Hudson County testified that the defense prepared the form application for transfer, the prosecutor in Hudson County acted reasonably in all respects and handled

this case in a timely and routine manner and that the transfer of venue was routine and ordinary. Neither side raised the possibility of a referral motion. The decision to change venue was mutually agreed to by both parties and J.W.'s mother testified that she requested this transfer for the sake of convenience but did not know it might result in a referral motion.

The juvenile here also presents no evidence that he has been actually prejudiced in any way. In *State in the Interest of J.S.*, a delay of over two years for a waiver hearing was held not to prejudice the juvenile under the circumstances of that case. 272 *N.J.Super.* 338, 639 *A.2d* 1150 (Ch.Div.1993). Moreover, the Appellate Division recently held that a defendant over nineteen years of age could still demonstrate, via a waiver hearing, that he could be rehabilitated by age 19 as required by *N.J.S.A.* 2A:4A–26(a)(3). *State v. Jack*, 281 *N.J.Super.* 404, 408–09, 657 *A.2d* 1231 (App.Div.1995). In that case, defendant was 16 years old at the time of the offense and 16½ at the time of the waiver hearing at which he claimed he had ineffective assistance of counsel. The Appellate Division concluded that his constitutional rights could be vindicated by re-examining his situation *nunc pro tunc* despite the fact that the defendant was over 19 years of age. In the instant case, J.W.'s date of birth is December 5, 1979. On the date of the alleged offense he was 15 years of age and is now 15½. Age change is not a significant factor.

■ Pursuant to *R.* 1:1–2, the rules in Part I through Part VIII are to be construed to secure a just determination. The purposes of *R.* 5:22–2 and *N.J.S.A.* 2A:4A–26, are to protect the public from dangerous juvenile offenders and deal more strictly with serious offenders. *State v. R.G.D.*, 108 *N.J.* 1, 7–9, 527 *A.2d* 834 (1987). In this case J.W. has been charged with one of the offenses enumerated in the statute from which waiver to adult criminal court is appropriate (*N.J.S.A.* 2A:35–5). In balancing the statutory primary purpose, which is to rehabilitate juvenile offenders, with protection of public safety in mind, the intent of the waiver statute and court rule are not to be defeated due to a reasonable

delay in changing venue from one county to the more appropriate county. The prosecution merely wants an opportunity to be heard on the merits as to whether J.W. should be waived to adult court and this court agrees that they should not be precluded due to a technicality.

Accordingly, above, this court is satisfied that the State has established good cause for filing its waiver motion beyond the thirty days enumerated in *N.J.S.A.* 2A:4A–26 and *R.* 5:22–2. The matter will proceed to a hearing to determine whether J.W. is to be waived to adult court so that the delicate balancing of his rehabilitation and the legislative intent to protect the public may reach a just determination on the merits.

[The court orders the assignment office to set the matter down for a waiver hearing and to list and notify all participants.]