NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2174-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LINO R. QUIZPHI-PATINO,

    Defendant-Appellant.

_____

Argued September 18, 2017 — Decided October 19, 2017

Before Judges Messano, Accurso and Vernoia.

On appeal from the Superior Court of New
Jersey, Law Division, Mercer County, Municipal
Appeal No. 2013-026.

Luke C. Kurzawa argued the cause for appellant
(Reisig & Associates, LLC, attorneys; Mr.
Kurzawa, on the brief).

Michael J. Mennuti, Assistant Prosecutor,
argued the cause for respondent (Angelo J.
Onofri, Mercer County Prosecutor, attorney;
Mr. Mennuti, on the brief).

PER CURIAM

    Defendant Lino R. Quizphi-Patino appeals from a Law Division

order entered after a de novo hearing on the record before the

West Windsor municipal court denying his motion to dismiss motor vehicle summonses on grounds he was denied his right to a speedy trial. We affirm.

I.

On February 5, 2012, defendant was arrested and charged with driving while intoxicated (DWI), N.J.S.A. 39:4-50, failure to maintain in the driver's lane, N.J.S.A. 39:4-88, and reckless driving, N.J.S.A. 39:4-96. At his first appearance on February 29, 2012, the municipal court judge ordered the State to supply defendant with the data download history for the Alcotest device used to obtain defendant's chemical breath test results, which supported the DWI charge.[1]

The State provided discovery to defendant that included a certificate from Dori L. Mansur Ratka, an attorney for Draeger Safety Diagnostics, Inc., the Alcotest's manufacturer. The certificate generally explained Draeger's putative repair records for the Alcotest device.

Defendant's counsel issued a subpoena ad testificandum compelling Ratka's testimony before the municipal court. On April

_____

[1] The chemical breath test yielded a blood alcohol content reading of .26.

2, 2012, Draeger filed a motion to quash the Ratka subpoena.[2]  On May 2, 2012, the court adjourned defendant's matter with his counsel's consent to May 8, 2012.

On May 8, 2012, the court heard argument and denied Draeger's motion to quash the Ratka subpoena[3] and ordered that Ratka appear to testify.  Draeger's counsel advised the court that Draeger might seek leave to file an interlocutory appeal.  The court ruled that if a motion for leave to file an interlocutory appeal was filed, defendant's matter would be stayed pending outcome of the motion.[4]

In May 2012, Draeger filed a motion in the Law Division for leave to appeal, a stay of the municipal court's order, and to designate Draeger's counsel as the acting prosecutor for purposes of pursuing the appeal.  Eleven months later, and after hearing

---

[2] We have not been provided with the motion papers and accept defendant's counsel's undisputed representation that the motion was filed on April 2, 2012.  The record does not make clear whether Draeger moved to quash a subpoena issued in defendant's case, the case of another of defendant's counsel's clients, or in two other cases involving other defendants.  The distinction is immaterial, however, because the municipal court subsequently addressed the motion in all four matters in a single proceeding on May 8, 2012.

[3] In the May 8, 2012 proceeding, the court denied the motion to quash the subpoena in the two matters defendant's counsel had pending before the court and in two other matters pending before the court where the same subpoena had been served.

[4] The court's stay of the municipal court proceeding applied to the four cases that the court jointly considered on May 8, 2012.

A-2174-15T4

oral argument on two occasions, the Law Division issued an April 26, 2013 order denying Draeger's motion and remanding the matter to the municipal court.

Following the remand, on May 15, 2013, a different municipal court judge ruled that Ratka must testify in a single proceeding in the four cases in which the court denied Draeger's motion to quash. At the May 15, 2013 proceeding, defendant's counsel advised for the first time that he intended to invoke defendant's right to a speedy trial. Defendant's counsel then served the court with a May 15, 2013 letter "invoking [defendant's] constitutional right to a speedy trial."

The next court proceeding occurred on June 12, 2013, but Ratka did not appear as ordered. Instead, Draeger's attorney appeared and argued that Ratka was not required to appear because she had never been properly served with the subpoena. Noting that the identical argument was rejected when the court denied Draeger's motion to quash, the court rejected the contention. Defendant's counsel requested sanctions against Draeger's counsel and Ratka based on her failure to appear. The court requested additional written submissions on defendant's request for sanctions.

During the June 12, 2012 proceeding, the State requested that the court set a trial date for defendant's matter. Defendant's counsel objected, arguing he was not prepared for trial because

he intended to file a speedy trial motion and had an outstanding motion to compel production of Alcotest repair records. The court did not set a trial date, and defendant subsequently filed a motion to dismiss the summonses on speedy trial grounds.

Two months later on August 7, 2013, Ratka appeared and testified in a proceeding jointly conducted in defendant's matter, another case defendant's counsel had pending, and two other cases involving separate defendants represented by other counsel. At the conclusion of Ratka's testimony, the judge asked defendant's counsel if he wanted to argue defendant's speedy trial motion. Because it was very late in the evening, it was agreed that counsel would return on another date to argue the motion. The court suggested the dates of August 14, 21 and 28, but defendant's counsel could not determine if he was available on those dates because his office was closed. He stated he would advise the court the following day as to his availability.

The court heard argument on defendant's speedy trial motion on September 11, 2013. In a detailed oral opinion detailing the history of the matter and the reasons for the delays, and applying the principles set forth in Barker v. Wingo, 407 U.S. 514, 515, 92 S. Ct. 2182, 33 L.Ed. 2d 101 (1972), the court denied the motion. In a proceeding on September 25, 2013, the court heard

argument on defendant's motion to compel additional discovery, and also denied the motion.

On October 9, 2013, defendant's counsel appeared before the court for a scheduling conference and the trial was scheduled for November 20, 2013. Defendant appeared on that date and entered a conditional plea of guilty to DWI, with the agreement that the State would dismiss the other summonses. Defendant's plea was conditioned on his right to appeal the court's denial of his speedy trial motion.[5]

Defendant provided a factual basis for his plea to DWI, and the court accepted his plea and sentenced defendant as a third-time offender to 180 days of incarceration of which ninety days could be served in an inpatient program, a ten-year loss of license, attendance at the intoxicated driver resource center, installation of an ignition interlock device, and the appropriate fines and penalties. The judge stayed the imposition of defendant's jail sentence. Defendant filed an appeal of the court's denial of his speedy trial motion with the Law Division.

---

[5] Defendant's plea was also conditioned on his right to appeal the court's denial of his motion to compel discovery and a motion for recusal of the municipal court judge. The court's denials of those motions are not challenged on appeal.

A-2174-15T4

The record shows the Law Division hearing was scheduled for "late May" 2014, but was adjourned at defendant's request until August 20, 2014. At the commencement of the proceeding, the court noted that defendant was not present. Defendant's counsel acknowledged the matter had been adjourned from its original date at defendant's request, and said his office sent defendant a "written notice . . . to appear . . . before" the court on August 20, 2014. Counsel further advised that since sending the written notice, his office unsuccessfully tried to reach defendant telephonically.

Counsel asserted that during the municipal court proceedings defendant had "never failed to appear" and he could not make any representation as to why defendant was not present. Counsel stated, however, that he was uncomfortable proceeding in defendant's absence and did not wish to proceed without defendant being "aware of what arguments were made on his behalf."

The judge reasoned that because defendant requested the original adjournment and was provided with written notice by counsel directing that he appear before the Law Division on August 20, 2014, defendant made a voluntary decision not to be present. The court further noted that disposition of the motion did not require any testimony from any witnesses, including defendant, because the court was conducting a de novo review of the municipal

court's denial of the speedy trial motion. The court determined the matter would proceed as scheduled.

During oral argument, defendant's counsel requested an opportunity to address in a "subsequent argument" the effect of the eleven-month delay in the municipal court proceedings resulting from the pendency of Draeger's motion for leave to file an interlocutory appeal with the Law Division. The court granted defendant's request, and offered defendant's counsel an opportunity to file an additional written submission. The court further stated that when the additional written submission was made, the court would schedule "another hearing date and we'll take it from there."

Defendant's counsel did not make any further written submission to the court, and no further hearing was held. In a written opinion, the court traced the procedural history of the case, applied the <u>Barker</u> speedy trial standards, and denied defendant's motion to dismiss the summonses on speedy trial grounds. The court entered an order and remanded the matter to the municipal court. On January 13, 2016, the municipal court entered an order directing that defendant commence serving his jail sentence. This appeal followed.

On appeal, defendant makes the following two arguments:

<u>POINT I</u>

THE DEFENDANT'S CONVICTION AFTER TRIAL DE NOVO IN THE MERCER COUNTY SUPERIOR COURT SHOULD BE VACATED DUE TO THE FACT THAT THE DEFENDANT WAS NOT PRESENT FOR HIS TRIAL DE NOVO PROCEEDINGS AND WAS NEVER ADVISED THAT THE TRIAL DE NOVO WOULD PROCEED WITHOUT HIM. (Not Raised Below).

POINT II

THE WITHIN MATTER SHOULD HAVE BEEN DISMISSED BY THE LAW DIVISION PREDICATED UPON THE DEPRIVATION OF THE DEFENDANT'S RIGHT TO A SPEEDY TRIAL PROVIDED FOR IN THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF NEW JERSEY.

II.

We first address defendant's contention that the order denying his motion to dismiss on speedy trial grounds should be vacated because he was not present during the de novo proceeding in the Law Division. The State does not dispute that defendant had the right to be present at the Law Division proceeding, but contends defendant impliedly waived his right to be present by his unexplained absence.

It is well settled that the United States and New Jersey Constitutions guarantee a defendant's right to be present for every stage of a trial. State v. Luna, 193 N.J. 202, 209 (2007) (citations omitted). A defendant's "right to be present at trial is protected by the Sixth Amendment to the United States Constitution as applied to the states through the Fourteenth

Amendment, and by Article I, paragraph 10 of the New Jersey Constitution[,]" and "[i]n some circumstances that do not involve the confronting of witnesses or evidence against a defendant, the right is protected by the due process clauses of the Fifth and Fourteenth Amendments." State v. Dellisanti, 203 N.J. 444, 453 (2010) (citations omitted). "The right is so vital to the proper and fair functioning of the criminal justice system that it is protected by" Rule 3:16(b). Id. at 454.

A defendant may voluntarily waive the right to appear at a trial proceeding. R. 3:16(b); State v. Hudson, 119 N.J. 165, 182 (1990). But a finding that a defendant voluntarily waived the right to appear must be supported by evidence the defendant was actually informed of the trial date and unjustifiably failed to appear. State v. Davis, 281 N.J. Super. 410, 416 (App. Div. 1995), certif. denied, 145 N.J. 376 (1996). A determination that a defendant voluntarily waived the right to be present for a trial proceeding cannot be based solely on a failure to appear; the "judge should attempt to learn where the defendant is and why [the defendant] is absent and make appropriate findings." Ibid.

Here, it appears defendant was advised of the original May 2014 de novo hearing date before the Law Division, but that date was adjourned to August 20, 2014. Although defense counsel advised the court that his office sent defendant a letter about the new

date, the letter was not presented to the court and the court could not determine if it provided defendant with adequate notice of the new hearing date. Moreover, there was no information or evidence concerning the reason for defendant's absence. See ibid. (finding decision that the defendant voluntarily waived his right to appear required consideration of "why" a defendant is absent). The record therefore does not support the court's finding that defendant voluntarily waived his right to appear at the de novo hearing.

A defendant's absence from a trial proceeding does not, however, require a reversal of a conviction or a court's decision. Dellisanti, supra, 203 N.J. at 457-59. Where, as here, it is claimed the court erred by conducting a proceeding outside of defendant's presence, we examine the record to determine if the defendant suffered any prejudice. Id. at 458. Our Supreme Court has "examined whether the absence was prejudicial to the defendant's right to participate in the evidential proceedings and confront the witnesses and evidence against him or to his ability to assist with his own defense." Id. at 458-59; State v. A.R., 213 N.J. 542, 557-58 (2013). "When the absence deprives a defendant of confrontation rights, prejudice can be readily assessed; when confrontational interests are not in play and participation in one's defense is the issue, prejudice is more

critically examined." Id. at 459; see A.R., supra, 213 N.J. at 558.

Defendant's absence from the de novo hearing did not prejudice his confrontation rights. The judge determined the speedy trial motion based solely on the written record presented to the municipal court, and defendant does not contend there was a basis on which the record could have been supplemented. See State v. Taimanglo, 403 N.J. Super. 112, 122 (App. Div. 2008) (rejecting the defendant's claim that his absence from a trial de novo on a municipal court record required reversal, in part, because defendant offered no basis to supplement the record), certif. denied, 197 N.J. 477 (2009). There were no witnesses or evidence presented to the Law Division judge, and defendant's confrontation rights were not prejudiced by his absence. Compare State v. Byrd, 198 N.J. 319, 356-57 (2009) (finding defendant's confrontation rights violated by the court's questioning of State's witness outside of the defendant's presence). Defendant offers no argument to the contrary.

Defendant argues his absence from the de novo hearing affected his ability to participate in his defense. We are not persuaded. Again, the de novo hearing was based solely on the record before the municipal court and the briefs submitted by counsel, and the court was required to decide a purely legal issue as to whether

defendant's speedy trial rights were violated.  See State v. Morton, 155 N.J. 383, 445 (1998) (finding defendant's absence from argument on pretrial motions did not prejudice his right to assist counsel in his defense because the motions centered only on questions of law), cert. denied, 532 U.S. 931, 121 S. Ct. 1380, 149 L. Ed. 2d 306 (2001).

Defendant fails to demonstrate he suffered any prejudice as a result of his absence from the de novo hearing, and our review of the record does not reveal any prejudice.  Therefore, we reject defendant's contention that we should vacate the Law Division's order denying his motion to dismiss based on speedy trial grounds because he was not present at the de novo hearing.  See Dellisanti, supra, 203 N.J. at 462; A.R., supra, 213 N.J. at 559.

Defendant next argues that the court erred by denying his motion to dismiss the summonses based on speedy trial grounds. The right to a speedy trial extends to quasi-criminal matters pending in municipal courts.  State v. Cahill, 213 N.J. 253, 267 (2013).  The question whether defendant's constitutional right to a speedy trial was violated presents a legal issue that is subject to de novo review.  See State v. Handy, 206 N.J. 39, 44-45 (2011).

Our Supreme Court has adopted the balancing test governing the evaluation of claims of speedy trial violation established in Barker, supra, 407 U.S. at 530, 92 S. Ct. at 2192, 33 L. Ed. 2d

13

at 117.  Cahill, supra, 213 N.J. at 267.  The Barker standard requires an assessment of four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant.  Barker, supra, 407 U.S. at 530, 92 S. Ct. at 2192, 33 L. Ed. 2d at 117.  Under the Barker standard none of the factors are "a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial."  Ibid.  Rather, they are related factors that must be considered together with such other circumstances as may be relevant.  Id. at 533, 92 S. Ct. at 2193, 33 L. Ed. 2d at 118.  The analysis is highly fact sensitive and requires "a case-by-case analysis rather than a bright-line time limitation."  Cahill, supra, 213 N.J. at 270.

Defendant limits his speedy trial argument to the contention that the 437-day delay between the April 2, 2012 filing of Draeger's motion to quash the Ratka subpoena and the June 12, 2013 filing of defendant's speedy trial motion requires dismissal of the summonses under the Barker standard.[6]  "The inquiry is" whether

_____

[6] In his brief, defendant states that he "is not asking the [c]ourt to consider the entire age[] of [d]efendant's matter in the context of the . . . [m]otion to [d]ismiss."  Instead, defendant asked the "[c]ourt to consider the delay that [he] experienced between April 2, 2012, . . . [and] June 12, 2013," the day he filed his speedy trial motion.  Defendant does not claim that the delay from the date of his arrest, February 5, 2012, to the October 9, 2013

14

the length of the delay "is reasonable or whether it violated defendant's right to a speedy trial." Id. at 272-73. Depending on the circumstances, the length of the delay may be presumptively prejudicial and such a delay will trigger consideration of the other factors, including the nature of the charges against the defendant. Id. at 264. Typically, once the delay exceeds one year, it is appropriate to engage in the analysis of the remaining Barker factors. Cahill, supra, 213 N.J. at 266. However, there is no bright-line test requiring dismissal after a specified period of delay. Id. at 270.

Here, the 437-day delay about which defendant complains exceeds one year. That period includes the thirty-seven days between the April 2, 2012 filing of Draeger's motion to quash and the May 8, 2012 municipal court hearing on the motion. We find nothing unreasonable about the short period between the motion's filing date and the court's disposition of the motion.

The 437-day delay also includes the forty-seven days between the Law Division's April 26, 2013 order denying leave to appeal

setting of his trial date requires dismissal of the summonses on speedy trial grounds. Thus, we consider only the 437-day period upon which defendant relies in our determination as to whether his trial rights were violated. Any claim that his speedy trial rights were violated because delays before or after the 437-day period is waived. Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008); Zavodnick v. Leven, 340 N.J. Super. 94, 103 (App. Div. 2001).

15

and the June 12, 2013 filing of defendant's speedy trial motion. This delay was exclusively within defendant's control and we are therefore convinced it does not support a claim of unreasonable delay.

The remaining 353 days of the delay began with the April 2, 2012 filing of Draeger's motion to quash the subpoena. Following the filing of the motion, the municipal court promptly heard argument, denied the motion and ordered that Ratka appear. Draeger's motion for leave to file an interlocutory appeal was granted and the Law Division rendered a decision eleven months later. During that time, the municipal court stayed its proceedings without any objection from defendant.

The State did not join Draeger's appeal and there is no evidence the proceedings on the motion to quash in the municipal court and subsequent appeal in the Law Division were delayed by any action or inaction of the State. Compare State v. Fulford, 349 N.J. Super. 183, 194-95 (App. Div. 2002) (concluding a thirty-two month delay due to the State's voluntary pretrial intervention term was not the basis for dismissal on speedy trial grounds) State v. Tsetsekas, 411 N.J. Super. 1, 11-14 (App. Div. 2009) (holding a 344 day delay was unacceptable because of the State's lack of preparation); State v. Farrell, 320 N.J. Super. 425, 452-453 (App. Div. 1999) (holding a 663 day delay and thirteen non-

continuous widely-spaced court sessions as excessive, because of prosecutorial inattention to trial responsibilities); and <u>State v. Detrick</u>, 192 <u>N.J. Super.</u> 424, 426 (App. Div. 1983) (finding a seven and a half month delay was not a speedy trial violation because the lapse in time was reasonably justified and explained by a transfer between municipal courts and the unavoidable absence of the prosecution's witness). There is also no support in the record for defendant's contention that Ratka was an agent of the State or the State's witness. The delay was not the fault of any party, but instead was the result of active litigation between defendant and Draeger over a contested issue concerning the appearance of a witness. Under all of the circumstances presented, we are satisfied the delay was not unreasonable.

We also consider the reason for the delay. <u>See</u> <u>Cahill</u>, <u>supra</u>, 213 <u>N.J.</u> at 273. Again, 353 days of the challenged delay was the result of the motion practice and subsequent appeal related to the dispute between defendant and Draeger over the validity of the Ratka subpoena. The dispute over the subpoena complicated defendant's case, and resulted in an attempted appeal that required resolution before the case could continue in the municipal court. Moreover, there is no reason for the delay that is attributable

A-2174-15T4

to the State.[7]  See, e.g., Tsetsekas, supra, 411 N.J. Super. at 14

(finding a 344 day delay was excessive because it was brought on

by the State's lack of preparation); Detrick, supra, 192 N.J.

Super. at 426 (rejecting a claimed speedy trial violation in a DWI

matter where the seven-month delay was caused by a change in venue

and the absence of witnesses).  The reason for the delay factor

under Barker therefore weighs against defendant's speedy trial

claim.

Defendant asserted his right to a speedy trial for the first

time on May 15, 2013, in a proceeding before the municipal court

and in a letter to the court.  Defendant filed his speedy trial

motion on June 12, 2013.  Thus, the third Barker factor supports

defendant's speedy trial claim, but we give the factor little

weight because defendant did not assert the right until late in

the 437-day delay period about which he complains.  We are mindful

that "[a] defendant does not . . . have the obligation to bring

himself to trial."  Cahill, supra, 231 N.J. at 274.  A failure to

timely assert the right, however, is a factor to be considered in

the assessment of an alleged speedy trial violation.  Ibid.

---

[7] On May 15, 2013, three weeks after the Law Division's order
denying Draeger's motion for leave to appeal, the State advised
the court it was ready to proceed to trial.  At that time, defense
counsel advised that he could not proceed to trial because he
intended to file a speedy trial motion and had an outstanding
motion to compel discovery.

We last address the fourth Barker factor, prejudice to defendant. See Barker, supra, 407 U.S. at 530, 92 S. Ct. at 2192, 33 L. Ed. 2d at 117. In addressing prejudice, we consider three interests: prevention of oppressive pretrial incarceration, minimization of defendant's anxiety concerns and whether the defense has been impaired by the delay. See Barker, supra, 407 U.S. at 532, 92 S. Ct. at 2193, 33 L. Ed. 2d at 118; Cahill, supra, 213 N.J. at 266.

Defendant does not claim that he was subject to pretrial incarceration or that his defense was impaired by the 437-day delay. Instead, he generally contends the delay caused disruption to his daily activities, the consumption of time and money, and emotional anxiety. Although the record is devoid of any evidential support for the claim, we recognize that defendant may have suffered from the uncertainty caused by the delay. Hardship caused by the uncertainty of awaiting disposition of his case, however, "is insufficient to constitute meaningful prejudice." State v. Misurella, 421 N.J. Super. 538, 546 (App. Div. 2011) (quoting State v. Le Furge, 222 N.J. Super. 92, 99-100 (App. Div.), certif. denied, 111 N.J. 568 (1988)).

In sum, the 437-day delay here was primarily the result of the resolution of an issue litigated between Draeger and defendant. The State did not contribute to the delay, and the delay did not

A-2174-15T4

cause defendant any appreciable prejudice.  We therefore conclude the court correctly denied defendant's motion to dismiss the summonses on speedy trial grounds.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

20                                                    A-2174-15T4