**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0068-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROBERT KELLER, JR.,

    Defendant-Appellant.

_____

Submitted December 19, 2023 – Decided April 12, 2024

Before Judges Smith and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Municipal Appeal No. A-03-22.

Angelo John Falciani, attorney for appellant.

Christine A. Hoffman, Acting Gloucester County Prosecutor, attorney for respondent (Michael C. Mellon, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Following a trial de novo in the Law Division, defendant Robert Keller, Jr., appeals from the Law Division's July 29, 2022 order adjudicating him guilty of driving while intoxicated (DWI), N.J.S.A. 39:4-50.[1]  For the reasons which follow, we affirm.

I.

On September 7, 2018, Glassboro Police Officer Jarod Williams observed defendant's white pickup truck driving in reverse at a high speed through a parking lot.  Williams followed the truck as it exited the lot and witnessed defendant make a turn without signaling.  He then initiated a motor vehicle stop.  Defendant initially attempted to stop in the intersection before pulling over to the side of the road.  Upon speaking with defendant, Williams smelled alcohol and noticed that defendant had "watery and bloodshot" eyes, was "rambling," and "stumbl[ed] and sway[ed]" upon exiting the vehicle.

---

[1]  The Law Division judge incorrectly "affirmed" the municipal court judge's decision.  On de novo appeal, the role of the Law Division judge is neither to affirm nor reverse the municipal court's ruling.  State v. Kashi, 360 N.J. Super. 538, 545 (App. Div. 2003), aff'd, 180 N.J. 45 (2004); see also State v. Wongyu Jang, ___ N.J. Super ___, ___ (App. Div. 2024) (slip op. 7-8).  Our review of the record nonetheless reveals the Law Division judge made his own independent findings of fact based on the record before the municipal court judge.  Ibid.

A-0068-22

Williams administered two field sobriety tests to defendant on the scene. Williams testified at trial that, in his opinion, defendant had failed both tests. The body worn camera (BWC) footage transcript in the record notes defendant said he had "two drinks" that day and also indicated some confusion by defendant regarding what was happening around him. As a result of this investigation, Williams placed defendant under arrest.

Defendant's first appearance was on September 20, 2018, and on December 6, 2018, defendant was granted an adjournment to allow him to retain private counsel. Several other adjournments followed, with the record unclear as to who requested each adjournment. The final postponement occurred on September 23, 2021, when the matter was scheduled for trial.

Defendant's trial was held on December 21, 2021—thirty-nine months after the initial arrest. After considering the evidence in the record, which included the BWC footage and the testimony of Williams, the municipal court judge found defendant guilty of violating N.J.S.A. 39:4-50.

On appeal, the Law Division conducted two hearings. In the first hearing, the court recognized the Glassboro Municipal Court administrator had not yet provided the court with the BWC footage as required by Rule 3:23-3. Approximately two weeks later, at the second hearing, the court adjudicated the

A-0068-22

appeal without the BWC footage, choosing to rely on the transcript of the footage and other evidence.

The judge found the absence of the BWC footage not fatal to the State's case, as there was substantial evidence on the record to affirm the municipal court's conviction of defendant. The judge noted defendant's multiple incriminating statements in the transcript; Williams's observations of defendant's demeanor at the scene; and defendant's conduct after arrest. The judge deferred to the credibility findings made by the municipal judge, as they were supported by sufficient evidence. The court addressed the speedy trial issue, noting that the municipal court trial postponements were largely attributable to either defendant or the COVID-19 pandemic. The court concluded there was no constitutional violation.

The Law Division rejected defendant's appeal, and like the municipal court, found defendant guilty of violating N.J.S.A. 39:4-50(a)(1)?.

On appeal defendant presents the following issues:

### POINT I

THE TRIAL JUDGE ERRED IN AFFIRMING THE JUDGMENT OF CONVICTION BY FAILING TO FOLLOW RULE 3:23-4 (Not Raised Below).

### POINT II

4                                                                    A-0068-22

THE TRIAL JUDGE ERRED IN AFFIRMING THE JUDGMENT BELOW IN VIOLATION OF DEFENDANT'S RIGHT TO A SPEEDY TRIAL.

II.

"Our review of a de novo decision in the Law Division is limited." State v. Troisi, 471 N.J. Super. 158, 164 (App. Div. 2022) (citing State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005)). Importantly, "[w]e do not independently assess the evidence as if we were the court of first instance." Ibid. (citing State v. Locurto, 157 N.J. 463, 471 (1999)). Instead, our review involves "whether there is 'sufficient credible evidence . . . in the record' to support the trial court's findings." State v. Robertson, 228 N.J. 138, 148 (2017) (omission in original) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)).

Deference is especially appropriate when, as in this case, two judges have examined the facts and reached the same conclusion. As the Supreme Court made clear in Locurto, "[u]nder the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." 157 N.J. at 474 (citing Midler v. Heinowitz, 10 N.J. 123, 128-29 (1952)). Therefore, our review of the factual and credibility findings of

5

the municipal court and the Law Division "is exceedingly narrow." State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470).

III.

A.

Defendant argues that pursuant to Rule 3:23-4, the Law Division should not have adjudicated his appeal as the court had not yet received the BWC footage from the municipal court.

Rule 3:23-4(a) states:

> Upon the filing of the notice of appeal, the clerk of the court below shall forthwith deliver to the criminal division manager's office the complaint, the judgment of conviction, the exhibits retained by the clerk, and a transcript of the entire docket in the action, and the criminal division manager's office shall deliver copies thereof to the prosecuting attorney on request.

In administering such rules, we recognize "[they] are a means to justice, and not an end in themselves." State v. Emmett, 108 N.J. Super. 322, 325 (App. Div. 1970). As such, "determinations on the basis of procedural niceties" should be avoided. Ibid. (quoting Handelman v. Handelman, 17 N.J. 1, 10-11 (1954)).

If a municipal court clerk fails to provide the full record, justice requires "neither . . . part[y] be made to suffer." Ibid. In Emmett, we addressed a similar situation where a municipal court clerk failed to transmit the entire record of

6

municipal proceedings.  Id. at 324.  There, we reversed the Law Division's acquittal of a defendant who had been convicted by the municipal court of DWI after the court was unable to locate the complaint and judgment of conviction. Ibid.  Under those circumstances, we found that adherence to the Rule (presently codified as Rule 3:23-4) "should have been relaxed and the matter continued." Id. at 325.

This matter is indistinguishable from Emmett.  Similarly, the municipal court clerk's failure to transmit the entire record, here the BWC footage, does not warrant acquittal.  The Law Division cited to relevant parts of the full BWC transcript in its findings, stating:

> [The municipal court judge] had the ability to observe the body camera video of [] Williams, and noted her findings as similarly described above. Lay opinion evidence of intoxication is well established as sufficient to support a conviction for being under the influence. State v. Bealor, 187 N.J. 574 (2006).  Based upon the largely unchallenged testimony of [] Williams and the video provided from his body camera, there was ample evidence for the municipal court to conclude that [d]efendant was under the influence.

We are unpersuaded by defendant's interpretation of Rule 3:23-4 and agree that the trial court correctly concluded  the evidence in the record, which included the BWC footage transcript, was sufficient to support defendant's conviction.

7

B.

We now turn to defendant's claim that his Sixth Amendment right to a speedy trial was violated. Defendant argues that the three-year delay between his arrest and trial was burdensome and prejudicial, and that there was no sufficient justification for the delay. We disagree and affirm the Law Division's conclusion that there was no constitutional violation.

It is well-settled that "[t]he right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and imposed on the states by the Due Process Clause of the Fourteenth Amendment." State v. Tsetsekas, 411 N.J. Super. 1, 8 (App. Div. 2009) (citing Klopfer v. North Carolina, 386 U.S. 213, 222-23 (1967)). "The constitutional right . . . attaches upon defendant's arrest." Ibid. (omission in original) (quoting State v. Fulford, 349 N.J. Super. 183, 190 (App. Div. 2002)). Since it is the State's duty to promptly bring a case to trial, "[a]s a matter of fundamental fairness," the State must avoid "excessive delay in completing a prosecution[,]" or risk violating "defendant's constitutional right to speedy trial." Ibid. This right also applies when a defendant seeks de novo review of a municipal conviction in the Law Division. State v. Misurella, 421 N.J. Super. 538, 543 (App. Div. 2011).

"[T]he four-factor balancing analysis of Barker v. Wingo remains the governing standard to evaluate claims of a denial of the federal and state constitutional right to a speedy trial in all criminal and quasi-criminal matters." State v. Cahill, 213 N.J. 253, 258 (2013) (citing Barker v. Wingo, 407 U.S. 514 (1972)). The Barker factors include "length of the delay, reason for the delay, assertion of the right by a defendant, and prejudice to the defendant." Id. at 264. "[T]he factors are interrelated, and each must be considered in light of the relevant circumstances of each particular case." Tsetsekas, 411 N.J. Super. at 10 (citing Barker, 407 U.S. at 533).

The length of the delay triggers the analysis, meaning no balancing is necessary unless the delay is presumptively prejudicial. Barker, 407 U.S. at 530. In New Jersey, the Barker analysis is generally appropriate if the delay exceeds one year. Cahill, 213 N.J. at 265. However, courts should consider delays on a case-by-case basis, and the nature of the charge should also be evaluated in conjunction with the length of the delay. Ibid. As such, the first factor "requires consideration of the amount of time customarily required to dispose of similar charges," and it is the defendant's burden to "establish that customary period." Id. at 266.

A-0068-22

When considering the reason for the delay, courts will allow appropriate time to deal with a case's "complexity." See State v. Gaikwad, 349 N.J. Super. 62, 88 (App. Div. 2002). However, a court will weigh "[a] more neutral reason, . . . such as negligence or a heavy caseload, . . . against the government, albeit less heavily than deliberate delay, because it is the government's ultimate responsibility to prosecute cases in a timely fashion." Cahill, 213 N.J. at 266.

Although "[a] defendant does not have an obligation to assert his [or her] right to a speedy trial. . . . '[w]hether and how a defendant asserts [their] right is closely related'" to the other factors. Ibid. (internal citations omitted). "[T]he more serious the deprivation, the more likely a defendant is to complain." Barker, 407 U.S. at 531. Therefore, where a defendant asserts this right "in the face of continu[ed] delays," consideration of such is "entitled to strong weight." Cahill, 213 N.J. at 266.

Finally, a court must examine prejudice "in the context of the interests the right [to a speedy trial] is designed to protect," which "include prevention of oppressive incarceration, minimization of anxiety attributable to unresolved charges, and limitation of the possibility of impairment of the defense." Ibid. "[S]ignificant prejudice may . . . arise when the delay causes the loss of employment or other opportunities, humiliation, the anxiety in awaiting

A-0068-22

disposition of the pending charges . . . and 'other costs and inconveniences far in excess of what would have been reasonable under more acceptable circumstances.'" Tsetsekas, 411 N.J. Super. at 13 (quoting State v. Farrell, 320 N.J. Super. 425, 452 (App. Div. 1999)).

Here, over three years passed from the time of defendant's arrest until the trial. This length of time, given the simplicity of DWI proceedings, triggers the Barker analysis. While a three-year delay is presumptively prejudicial in this context, the remaining factors do not support defendant's constitutional violation argument. Indeed, the reason for the delay was mostly attributable to defendant and the COVID-19 pandemic. It follows that this factor cannot support defendant's argument. The record also shows that defendant raised his speedy trial argument for the first time on the day of the municipal trial. Such a late assertion is less persuasive than it otherwise might have been had defendant made reasonably prompt and consistent speedy trial demands to the municipal court along the way. Finally, defendant fails to show how he was prejudiced by the delay. Defendant was not incarcerated during the time between the filing of the DWI complaint and his conviction in municipal court. He can show no delay[-]related hardship. On this record, the Law Division correctly determined that there was no constitutional claim.

Defendant's conviction is affirmed. Any stay of penalties or the suspension of his driving privileges is vacated, effective thirty days from the date of this opinion. Defendant shall appear before the municipal court within thirty days to surrender his license and to remit any outstanding fines and costs.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0068-22