127 N.J. Super. 555 (1974)
318 A.2d 425
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRED CAPPADONA, DEFENDANT-APPELLANT. STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHARLES FISHER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 11, 1973.
Decided March 5, 1974.
*557 Before Judges KOLOVSKY, FRITZ and CRANE.
Mr. Seymour Gelzer argued the cause for appellant Cappadona (Messrs. Iaria & Gelzer, attorneys).
Mr. Robert A. Coogan, designated counsel, argued the cause for appellant Fisher (Mr. Stanley C. Van Ness, Public Defender, attorney; Mr. Donald W. Peppler, Jr., on the brief).
Mr. Lewis N. White, III, Assistant Prosecutor, argued the cause for respondent (Mr. John S. Kuhlthau, Middlesex County Prosecutor, attorney).
The opinion of the court was delivered by CRANE, J.A.D.
Defendants Fred Cappadona and Charles Fisher were found guilty of robbery, in violation of N.J.S.A. 2A:141-1, and being armed while committing the robbery, in violation of N.J.S.A. 2A:151-5, after a jury trial in the Superior Court of Middlesex County. The indictment returned by the state grand jury also named Alex Birnbaum, George Lattimore and Joan Janiszewski as defendants. Joan Janiszewski testified for the State. The State's main witness, however, was Jerome McKenney, a confessed accomplice to the present crimes who avoided prosecution by entering into a bargain with the Attorney General by pleading guilty to other offenses.
Each defendant raises several separate issues.
[There follows a discussion of the testimony at the trial and the various issues raised by defendant Cappadona, decided adversely to him on this appeal.]
Defendant Fisher presents four reasons for reversal. He first contends that he has been deprived of his right to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. The issue was previously presented in a pretrial motion to dismiss, and denied. Thereafter defendant was granted leave to appeal *558 and this court affirmed the denial of his motion to dismiss in an unpublished opinion. State v. Fisher (A-1967-71, decided April 21, 1972). Subsequently, the United States Supreme Court decided Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), in which it was held, among other things, that the requirement that a demand for a specified trial date be made as a prerequisite to a motion to dismiss for failure to accord defendant a speedy trial was inconsistent with due process. In the opinion it was suggested that trial courts consider four factors in determining whether an indictment should be dismissed for delay in prosecution: (1) the length of the delay, (2) the reason for the delay, (3) defendant's assertion of his right, and (4) prejudice to defendant.
Fisher urges that we reexamine our prior determination in the light of Barker v. Wingo, supra. We are convinced that Barker should not be applied retrospectively. See Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Nevertheless, even under the standards set forth in Barker, denial of the motion to dismiss was not improper. The length of time from filing of the indictment to the time of trial was approximately two years; the reason for the delay was the inability of the prosecutor to produce the essential witness McKenney who was incarcerated in a federal institution and who was engaged in giving testimony in many courts. As we noted in the prior opinion filed April 21, 1972, Fisher did not demand a specified trial date. There is nothing in the record to show that Fisher suffered any prejudice by way of inability to produce witnesses or otherwise. In fact, one of the strategies employed by his trial counsel was that the memory of the State's witnesses was blurred by the passage of time. Weighing all the factors, we find that the motion to dismiss was properly denied.
Fisher next argues that the trial judge committed reversible error when he refused to allow the jury to take two letters written by McKenney to Joan Janiszewski into the *559 jury room during deliberation. Had McKenney denied or qualified the contents of the letters, their introduction would have been appropriate. State v. Smith, 101 N.J. Super. 10 (App. Div. 1968), certif. den. 53 N.J. 577 (1969). But the letters were disclosed to the jury on cross-examination and their content was admitted by McKenney.
Fisher's next argument concerns the trial judge's refusal to allow him to cross-examine McKenney as to psychiatric care which McKenney received in 1968. We find no error. McKenney's psychological state of mind in 1968 was not logically relevant to his credibility while testifying in 1972; State v. Vigliano, 50 N.J. 51 (1967) is inapposite. That decision rested upon the prosecutor's concealment of the fact that the State's primary witness had been committed to a hospital during trial and found by two examining physicians to be "confused and disoriented and suffering from senility, chronic brain syndrome associated with cerebral arteriosclerosis." Id. at 57-58.
Fisher's final argument concerns the propriety of the prosecutor's remarks during summation that the robbery was an inside job based on a tip from the switchboard operator, and his characterization of the defendants as "bums." There was testimony by McKenney that a tip had been given to Fisher by an employee of Great Eastern. Thus, the prosecutor's comment that the robbery was an "inside job" finds support in the evidence adduced.
The comment that the inside tip came from a switchboard operator, while not supported by the record, was harmless. We fail to see any prejudice resulting to Fisher from the prosecutor's comment.
The reference to defendants as "bums" during the prosecutor's summation was immediately objected to by Fisher. The court instructed the jury to disregard the comment. Under these circumstances we find no reversible error.
Prior to oral argument defendant Cappadona presented a motion for a new trial based upon allegedly newly *560 discovered evidence to the effect that the State's principal witness, McKenney, had lied when he implicated Cappadona. We initially reserved decision on the motion pending oral argument. However, we have not considered the merits of the motion since, pursuant to the provisions of R. 3:20-2, it should be presented to the trial court in the first instance. Our decision on the issues presented on the appeal is without prejudice to defendant's right to present such a motion to the trial court.
The judgments of conviction are affirmed.