185 N.J. Super. 607 (1982)
450 A.2d 608
STATE OF NEW JERSEY, PLAINTIFF,
v.
HAROLD DAVID POTTS, DEFENDANT.
Superior Court of New Jersey, Law Division Burlington County.
Decided June 18, 1982.
*609 Denis C. Germano, Prosecuting Attorney, Springfield Township, Burlington County, for the State.
Robert P. Weishoff, for defendant (Mathews, Sitzler, Weishoff & Sitzler, attorneys).
*610 HAINES, A.J.S.C.
The Assignment Judge for Burlington and Ocean Counties issued the following directive on March 25, 1982:
Some courts in the vicinage have a substantial backlog of drunk driving cases. It is anticipated that the new legislation will significantly increase the number of contested drunk driving cases, thereby adding to the present problem. It has long been the policy of the Administrative Office of the Courts that complaints in these matters be adjudicated within two months of filing. Strict enforcement of this requirement will eliminate backlogs.
All Municipal Court Judges are directed to adopt the following procedures with respect to drunk driving complaints:
1. Police officers shall be instructed to schedule initial court dates for the court session next following the issuance of the ticket.
2. At the time of the first appearance, the case should be heard, if possible. It is anticipated, however, that this occasion will be utilized, in most cases, to advise the defendant of constitutional rights. If the case is not heard, a firm trial date should then be scheduled within two to three weeks.
If the defendant pleads guilty, after a proper explanation of his constitutional rights, the case should be scheduled for sentencing within ten days plus additional time as required for receipt of the driver abstract. The complainant-police officer should be given an opportunity to appear at the sentencing.
3. Any request for an adjournment to a date later than two months from the date of the filing of the complaint shall be denied.
The defendant should be advised as to the adjournment policy at the time of his or her first appearance and should be instructed to so advise any attorney employed to defend the case.
Defendant Harold Potts was charged with drunk driving. His case was listed for trial on the 40th day following the filing of his complaint, on which date he appeared in court with counsel ready to proceed. The State was prepared to offer the results of a breathalizer test into evidence as part of its case. However, the second certificate required as proof of the proper functioning of the breathalizer equipment had not been received by the prosecutor on the trial date. As a result, at the request of the prosecution, the case was postponed, with the suggestion from the court that a date convenient to the defense could be selected.
Defendant objected to the postponement. His earlier request for an adjournment had been denied. He introduced a letter (marked in evidence) from the clerk of the court stating in part as follows:

*611 There can be no postponement of this matter due to the fact that summons was issued March 10, 1982 and made returnable for April 19. Under the new directive of Judge Haines, all motor vehicle matters under the Drunk Driving Statute must be completed within 60 days.
Defendant claimed this to be unfair, argued against the State's request for a postponement and sought a dismissal of the case by reason of the State's lack of evidence.
The defense also pointed to the rule enunciated in State v. O'Keefe, 135 N.J. Super. 430 (Law Div. 1975), which, while turning on a double jeopardy issue, underlined the impropriety of declaring a mistrial or continuing a trial simply to enable the State to improve the quality of its case. Here, the trial had not commenced and there is no double jeopardy problem. Nevertheless, when defendant appeared, ready for trial, without notification that the prosecutor's case had not been prepared, and the case was postponed, the prejudice to defendant in terms of time and money spent, as well as delay, are obvious.
Defendant now appeals to this court from the failure of the municipal court judge to grant his motion for a dismissal. This opinion disposes of that application.
At the request of this court, counsel addressed the question of the assignment judge's authority to issue his 60-day directive. I conclude that he did, but that modification of the rule is desirable.
R. 1:33-3 provides:
(a) Duties. The Assignment Judge shall, subject to the direction of the Chief Justice or rule of the Supreme Court, be responsible for the administration of civil and criminal justice and for the administration of all courts in the county for which he is the Assignment Judge. His duties shall include the following:
........
(3) The supervision and expeditious movement of the civil and criminal trial calendar of the Superior . .. courts and, through the judge or presiding judge thereof, of ... the municipal courts in the county.
(4) The implementation and enforcement in the county of all administrative rules, policies and directives of the Supreme Court, Chief Justice, and the Administrative Director of the Courts.
*612 Certain municipal courts in this vicinage have had an unacceptable backlog of drunk driving cases. It was anticipated that changes in the statutory penalties provided for such offenses would increase the number of these cases to be tried. The assignment judge's 60-day rule was designed to reduce the backlog and promote the expeditious handling of new cases. The rule very clearly reflected his obligation to administer the municipal courts and to provide for the "supervision and expeditious movement" of their calendars. It also reflected directives of the Administrative Office of the Courts fixing a 60-day deadline for such cases.
It is suggested that the 60-day directive conflicts with R. 7:4-2(c), which provides municipal courts with the following authority:
Adjournment. On or before the return day of a warrant or summons, the court may adjourn the hearing for a period not exceeding 14 days, except that an adjournment for a longer period, or additional adjournments may be granted if the court deems postponement of the hearing to be reasonable and necessary. In contested matters the court, on granting an adjournment, shall specify a trial date. The court shall cause the complaining witness, all defendants and all other known witnesses, to be notified of any adjournment, which, together with the reasons therefor, shall be noted on the record.
The 60-day restriction does not interfere with the ability of a municipal court to adjourn a hearing for a period of 14 days and also permits adequate time for additional adjournments when deemed "reasonable and necessary." Thus, it may be said that there is no conflict. To the extent that a conflict exists, however, the provisions of R. 1:33 must predominate. There can be no effective administration of the court system, generally, unless the overall supervisory authority of the assignment judge is recognized.
Nevertheless, the better approach is to reconcile the rules. It is clear that the Supreme Court, in adopting rules dealing with municipal courts, intended to provide judges of those courts with discretion over the adjournment of cases. The 60-day rule made no allowance for this requirement. Absolute rules regarding the conduct of litigation are rarely advisable. *613 Concrete procedures do not allow for the unexpected. A total inability to grant postponements in exceptional situations may cause prejudice. Consequently, the 60-day rule should be and is hereby modified. The insistence upon the trial of drunk driving cases within 60 days remains and is underlined. In most cases it provides an adequate period of time for the disposition of these matters. In exceptional cases, however, municipal court judges are authorized to grant adjournments beyond the 60-day deadline provided they are "reasonable and necessary," as R. 7:4-2(c) is here construed. "Reasonable and necessary" postponements include:
(1) Illness, as proved by a doctor's certificate or an attorney's representation.
(2) Absences from the State at a distance making attendance a hardship, when not for the purpose of avoiding trial.
(3) Unexpected inability to present significant evidence.
(4) Conflicting engagements in the Superior Court or, with respect to drunk driving cases only, in another municipal court. When a conflict exists between municipal courts, the older cases will be preferred over newer cases. When the conflict involves the Superior Court, that Court is to be given a preference. However, all Superior Court judges in this vicinage have been requested to encourage the trial of drunk driving cases and will accommodate reasonable requests to adjust schedules, e.g., delaying an appearance until 10:30 a.m. to permit an early municipal court trial. (In conflict situations, drunk driving cases may be given a priority over other contested cases.)
Postponements must be brief and to a definite date. Defendants, their attorneys and prosecutors, are expected to advise the court as soon as possible of any problems respecting a hearing date. Postponement requests made within less than four days before the hearing date will be suspect. Any party obtaining an adjournment will be responsible for giving prompt notice thereof to all parties, witnesses and attorneys expected to appear on the trial date. Late employment of an attorney by a defendant, after the defendant has been advised of his right to counsel and his right to assigned counsel, if indigent, is not a reason for a postponement. Attorneys may refuse to take cases at the last minute and should not do so unless they can be prepared to present the matter on the return date. Were the rule otherwise, postponements could be obtained by defendants through the obvious device of delaying the retention of counsel.
*614 The list is not all-inclusive but there are few other legitimate bases for adjournments and only truly exceptional excuses, which do not fall within the categories listed, should be accepted. The assignment judge, through the municipal court liaison officer, must be notified not less than monthly, by the court clerk, of all more-than-60-day postponements in these cases, with reasons stated.
The 60-day rule applies to the State as well as defendants. If it did not, there would be a denial of due process and equal protection. Nevertheless, the erroneous exercise of discretion by a municipal court judge, which leads to postponement of a case for more than 60 days after the arrest, is not necessarily a cause for dismissal of the complaint. The rule did not and does not so provide. Speedy trial rules in the Superior Court, applicable to more serious offenses than drunk driving, permit dismissals only upon a showing of prejudice, among other things.[1] Such prejudice has not been shown here.
A time lapse of 60 days is considerably less than that required for dismissal of an indictment in the Superior Court. In addition, R. 7:4-2(h) provides that "a complaint on file for more than 6 months may be dismissed for failure to prosecute by the court on its own motion." The rules therefore contemplate a lapse of at least 180 days before delay itself may result in a dismissal.[2] There is no adequate basis for a dismissal of the complaint against the within defendant.
*615 Sanctions, however, ought to be imposed upon the State under present circumstances. It knew, or should have known, that the evidence needed for a proper presentation of its case was missing well before the hearing date. No reasons for the lack of the evidence are provided. Defendant was not notified that the request for postponement would be made and therefore completed his trial preparations and appeared in court for the hearing. Only then did he learn that the case would be postponed  a postponement which was granted to the State after having been refused to him. R. 7:4-2(c) required defendant and witnesses to be notified of adjournments. This was not done. It is therefore ordered that
(a) This case shall be listed for a hearing in the municipal court within 30 days on a date convenient to defendant and his counsel.
(b) The case shall be heard before any other contested matter on the date scheduled, except matters involving assigned counsel.
(c) No court costs may be imposed upon defendant if he is convicted.
NOTES
[1] There are four tests to be considered in deciding whether defendant's right to a speedy trial has been denied: (1) length of delay, (2) reason for delay, (3) defendant's assertion of his right to a speedy trial and (4) prejudice to defendant. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); State v. Cappadona, 127 N.J. Super. 555, 558 (App. Div. 1974, certif. den. 65 N.J. 574 (1974), cert. den. 419 U.S. 1034, 95 S.Ct. 518, 42 L.Ed.2d 310 (1975). Obviously, the four factors must be applied flexibly to the facts of each case.
[2] In the present case the municipal court could have established a trial date within the 60-day period. It did not do so, but suggested a trial date which would convenience defendant. I do not, therefore, turn this decision upon that circumstance.