192 N.J. Super. 424 (1983)
470 A.2d 933
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
FREDERICK M. DETRICK, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 2, 1983.
Decided November 18, 1983.
*425 Before Judges MATTHEWS, J.H. COLEMAN and GAULKIN.
Stephen G. Raymond, Burlington County Prosecutor, attorney for appellant (Brian G. Flanagan, Assistant Prosecutor, of counsel).
James Logan, Jr., attorney for respondent (Robert L. Sloan, on the brief).
The opinion of the court was delivered by GAULKIN, J.A.D.
Defendant was convicted in the Pemberton Township Municipal Court of driving while under the influence of alcohol. N.J.S.A. 39:4-50. On his appeal, the Law Division dismissed the complaint "due to the [Municipal] Court's lack of exercise of discretion in allowing time elapse to occur as to trial of this matter." The State appeals.
The facts relevant to the appeal are undisputed. The summons was issued November 25, 1981, and fixed a return date of February 1, 1982 before the Pemberton Township Municipal Court. Because defendant was a former mayor of Pemberton Township and a present member of its Municipal Utilities Authority, the matter was rescheduled for an earlier hearing in the Pemberton Borough Municipal Court on December 14, 1981. For reasons not disclosed in the record, the complaint was returned to the Pemberton Township Municipal Court with an April 1, 1982 hearing date. On that adjourned date, the State was unable to proceed because the police witness was on National Guard duty. The matter was heard on July 12, 1982.
At the commencement of the July 12 hearing, the municipal court judge denied defendant's motion to dismiss the case for failure to provide defendant with a speedy trial. He then took testimony and found defendant guilty of the charge.
On de novo appeal, the Law Division judge heard argument, but did not rule, on the proofs in the record. He determined *426 rather that State v. Potts, 185 N.J. Super. 607 (Law Div. 1982), fixed the procedure "for handling municipal court matters in this county and in this vicinage" and that Potts required dismissal of the complaint. We find that reasoning and result to be mistaken.
The criteria by which a defendant's right to a speedy trial is to be judged are well established. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); Moore v. Arizona, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973); State v. Szima, 70 N.J. 196, cert. den. 429 U.S. 896, 97 S.Ct. 259, 50 L.Ed.2d 180 (1976); State v. Smith, 131 N.J. Super. 354 (App.Div. 1974), aff'd, 70 N.J. 213 (1976). As stated in Smith, the factors include length of delay, reason for the delay, defendant's assertion of his right to speedy trial and prejudice to defendant. Smith, 131 N.J. Super. at 361. But the question of how long is too long "cannot be answered by sole reference to the lapse of a specified amount of time...." Id. at 360.
Here the length of delay was approximately 7 1/2 months. Not all of that time, of course, can be characterized as "delay"; and some significant part of the lapse is reasonably explained and justified by the transfer of the matter between municipal courts and the unavoidable absence of the police witness. The record, moreover, shows no assertion by defendant of his speedy trial claim prior to the July 12 hearing; indeed at that hearing defense counsel asked that the case again be transferred back to Pemberton Borough for trial. Finally, the record is devoid of any showing or suggestion whatsoever that defendant, who presented no defense at the hearing, was in any way prejudiced by the "delay."
The record thus is barren of any showing which would justify dismissal of the complaint on speedy trial grounds. The Law Division judge did not purport to apply the Smith standards, but rather concluded that under State v. Potts, supra, all drunk driving cases in his vicinage must be heard within 60 days unless extended "for appropriate reasons" and that 180 days "is the *427 line, the border" beyond which "an inference [is] to be taken of prejudice...." We need not determine whether that represents a proper interpretation of Potts. This court is not bound by Potts or by the local administrative directive described in that case. Although we recognize the administrative role of the Assignment Judge, R. 1:33-3, we cannot sanction the development of a body of speedy trial caselaw which is applicable only to a particular vicinage within the state. Here the trial judge failed to apply the law which is applicable throughout this state; under that law the dismissal of the complaint was without warrant.
Accordingly we vacate the order of dismissal and remand the matter to the Law Division for trial de novo, which shall be before a different judge. See State v. Barnes, 84 N.J. 362 (1980); State v. Resorts International Hotel, Inc., 173 N.J. Super. 290 (App.Div. 1980), certif. den. 84 N.J. 466 (1980). We do not retain jurisdiction.