STATE OF NEW JERSEY, PLAINTIFF, v. EZRA HOPKINS, DEFENDANT.

Superior Court of New Jersey
Law Division Hudson County

Decided December 8, 1988.

582

*Thomas M. Madden* for plaintiff (*Paul M. DePascale,* Prosecutor of Hudson County, attorney).

*Faye R. Puddington* for defendant.

ARIEL A. RODRÍGUEZ, J.S.C.

The material issue presented to the court is whether a person charged with a disorderly persons drug offense is entitled to a postponement of trial, for the duration of a codefendant's period of suspended proceedings, when the codefendant's expected testimony will be exculpatory.

The procedural background is not contested. Defendant and Henry Elliott were charged with disorderly persons offenses stemming from an alleged sale of marihuana in Jersey City. Instead of proceeding to trial Elliott sought and was granted a conditional discharge pursuant to *N.J.S.A.* 2C:36A–1(a)(1). On August 31, 1988, a municipal court judge suspended proceedings against Elliott and placed him under supervisory treatment for one year. The prosecution did not object. There was no plea, or finding, of guilty. On the same day defendant's trial commenced. After the state presented its case the defense called Elliott as a witness. After being sworn, Elliott, through his counsel, asserted the privilege against self-incrimination and refused to answer any questions arguing that the

charge against him was still pending.[1]  The municipal court judge ruled that Elliott could not be compelled to testify since proceedings against him could be resumed if a violation of the terms of supervisory treatment occurred.  Defendant then requested a postponement until such time as the charge against Elliott is dismissed or adjudicated.  The postponement was denied, but defendant was allowed time to seek leave to file an interlocutory appeal to this court.[2]  Specifically defendant contends that:  he can compel Elliott to testify at this time; or in the alternative, a postponement should be granted until such time as the charge against Elliott is adjudicated.

■  The first contention is without merit.  Elliott can assert the privilege against self-incrimination while the charge against him is pending.  Under the conditional discharge provision the charge against Elliott will be dismissed, "upon fulfillment of the terms and conditions of supervisory treatment...." *N.J. S.A.* 2C:36A-1(b).  Until such a dismissal occurs the charge against Elliott is pending.  Therefore, his testimony cannot be compelled at this time.  *U.S. Const.,* Amend. *V.*  The privilege against self-incrimination is part of New Jersey common law, *State v. Hartley,* 103 *N.J.* 252 (1986), and the rules of evidence, *Evid.R.* 23 and 25, *N.J.S.A.* 2A:84A-17 and -19.

■  The second contention, the right to a postponement, raises a novel issue.  Elliott's assertion of the Fifth Amendment privilege against self-incrimination deprives defendant of

---

[1]There was no objection although it is clear that the privilege cannot be invoked by an attorney on behalf of his client.  *State v. Jennings,* 126 *N.J.Super.* 70 (App.Div.1972).

[2]The state did not object to this request although there is no procedural authorization for it.  *R.* 3:24(a) does not permit interlocutory appeals during trial in a municipal court.  *See State v. Phillips* 213 *N.J.Super.* 534, 538, n. 1 (App.Div.1986).  Pursuant to *R.* 1:1-2 the court has relaxed the rules and granted leave because:  the appeal involved a continuance which could only be adequately reviewed at that time and the municipal court judge as well as the state and defense sought the guidance of the Law Division.

his Sixth Amendment right to compulsory process unless a postponement is granted.

A similar situation was confronted by a trial judge in *State v. Scovil,* 159 *N.J.Super.* 194 (Law Div.1978). In that case one defendant was willing to testify and exculpate two codefendants at a separate trial provided the charges against him were tried first. Judge Yanoff, having already determined that each defendant should be tried separately, decided that the court had the inherent power to decide the order of trials so that the exculpating defendant would be tried first. This sequence would remove the threat of self-incrimination to the testifying defendant. In this fashion the conflict between the two competing constitutional rights of the different defendants was resolved.

The *Scovil* decision, while not binding on this court, is convincing. However, the present case has an additional twist. The conditional discharge of Elliott literally suspends the adjudicatory process for a period of time. In addition to deciding the sequence of trials the court must tolerate a gap of time in order to allow one defendant to become available as a witness to another defendant. The resulting delay will create complications for the state since memories may fade, rebuttal witnesses become unavailable, and the prosecuting attorney may change employment. Since the trial is already underway, the delay will make the trier of fact's function more difficult. These complications, however, are outweighed by defendant's right to present exculpatory evidence. The complications could have been foreseen and perhaps avoided by the court, the state, or defendant. For example, if Elliott had entered a plea of guilty, as permitted by the conditional discharge statute, he would have become immediately available as a witness.

Although defendant risks the chance that the delay may hamper his ability to present other witnesses, it is clear that he is precluded from asserting the right to a speedy trial since the reason for delay is defendant's own request for an adjourn-

586

ment.  *See Barker v. Wingo,* 407 *U.S.* 514, 92 *S.Ct.* 2182, 33 *L.Ed.*2d 101 (1972); *State v. Szima,* 70 *N.J.* 196 (1976); *State v. Detrick,* 192 *N.J.Super.* 424 (App.Div.1983); *R.* 3:25–3.

As in the *Scovil* case certain factual findings must be made in order to determine whether a postponement is actually necessary.  Accordingly, this matter is remanded to the Jersey City Municipal Court so that Henry Elliott may be interviewed *in camera* by a judge other than the trial judge.  If the interview reveals that Elliott's testimony will tend to exculpate defendant then the trial must be postponed until the charges against Elliott are dismissed or adjudicated.  If the interview reveals that the testimony of Elliott is not exculpatory or that he is willing to waive the privilege against self-incrimination, then the trial of defendant shall resume on the next available court date.