**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3005-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GERALD E. SIGMON, JR.,

    Defendant-Appellant.

_____

Argued March 11, 2025 – Decided March 20, 2025

Before Judges Gooden Brown and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Municipal Appeal No. 23-18.

John Menzel argued the cause for appellant.

Cheryl L. Hammel, Assistant Prosecutor, argued the cause for respondent (Bradley D. Billhimer, Ocean County Prosecutor, attorney; Samuel Marzarella, Chief Appellate Counsel, of counsel; Cheryl L. Hammel, on the brief).

PER CURIAM

Defendant Gerald E. Sigmon, Jr. was convicted in Point Pleasant Beach Municipal Court of driving while intoxicated ("DWI"), N.J.S.A. 39:4-50. He appealed to the Law Division and was convicted again. We affirm.

I.

This is a summary of the State's proofs. Officer David Marchetti of the Point Pleasant Beach Police Department ("PPBPD") testified that at around 9:00 p.m. on December 8, 2021, he was on patrol. Marchetti observed defendant make a left turn against a red light. Marchetti briefly followed defendant before effectuating a motor vehicle stop. The exchange was captured by Marchetti's patrol car equipped with audio and mobile video recording ("MVR") which was moved into evidence at defendant's trial.

Marchetti had been a PPBPD officer since 2018, issued more than ten DWI charges in his career, and received training about administering standard field sobriety tests ("SFST").

Upon approaching the vehicle, Marchetti smelled an odor of alcohol. Defendant denied going through the red light and asserted that the light was "going green." Defendant also stated that he had consumed two beers. After observing defendant's conduct, which he described as delayed, Marchetti asked defendant to step out of the car to undergo SFSTs. Marchetti described

defendant as "a little rigid" and "swaying." When asked, defendant failed to produce a license. Marchetti administered the horizontal gaze nystagmus ("HGN") test, the one-leg-stand ("OLS") test, and the walk-and-turn ("W&T") test. After administering these tests, Marchetti concluded defendant was intoxicated, and arrested defendant. Defendant was given two breath tests at the police station.[1] Defendant received four summonses for traffic violations: DWI, N.J.S.A. 39:4-50; reckless driving, N.J.S.A. 39:4-96; failure to observe a traffic signal, N.J.S.A. 39:4-81; and failure to exhibit documents, N.J.S.A. 39:3-29.

Defendant retained an attorney who entered his appearance in the middle of January 2022 and appeared in court in the beginning of March where he requested an adjournment to obtain discovery. In April, defendant once again appeared with counsel and requested an adjournment to allow the State to review his discovery request. In June, defendant requested another adjournment to allow time to determine whether to file a formal discovery motion. When the parties returned to court in September, defendant's counsel advised the court that he filed a motion for additional discovery and, as a result, requested another adjournment. In October, defendant's motion was denied. In the beginning of

---

[1] The State later excluded the two breath samples based on "an issue with the 20-minute observation period."

December, defense counsel advised the court he had filed a motion to suppress, and as a result, another adjournment occurred. On August 3, 2023, the court heard the suppression motion, and it was denied. Defendant also moved to have the case dismissed for violation of the right to a speedy trial, but this motion was denied as well. Trial was held the same day. Marchetti was the sole witness for the State.

After defendant successfully moved to dismiss the charge of failure to exhibit documents, he was convicted of failure to observe a traffic signal and DWI. The reckless charge was dismissed as it merged into the DWI charge. As this was defendant's first DWI, he was sentenced to a three-month interlock on his vehicle and his license was suspended until the interlock was installed. The court also ordered defendant to pay all applicable fines and penalties, mandatory surcharges, and to attend twelve hours in the intoxicated drivers resource center. The municipal court judge stayed the execution of defendant's sentence pending his appeal to the Superior Court, Law Division.

On March 6, 2024, the Law Division judge heard argument on defendant's municipal appeal. In a sixteen-page written opinion the court upheld the denial of defendant's speedy trial motion, and, after a de novo review, found the defendant guilty of DWI.

A-3005-23

Regarding defendant's speedy trial motion, the Law Division judge applied the factors in Barker v. Wingo, 407 U.S. 514, 530 (1972), and found the twenty-month delay was reasonable and mostly attributable to defendant and his discovery motions. The judge also noted, and defendant conceded, he cannot point to any specific prejudice from the delay.

The court also determined that through Marchetti's testimony the State had proven beyond a reasonable doubt that defendant had consumed enough alcohol to have an effect on his mental faculties and physical coordination such that his driving would be impaired. The court relied on the following factors: defendant had made a left turn against a red traffic light; believed the light was "turning" when he went through; told the police officer he was on his way home from a bar; smelled of alcohol; admitted he had consumed alcohol; had delayed responses; and performed poorly on the field sobriety tests. In a March 8, 2021 order, the Law Division judge imposed the same sentence and monetary penalties as the municipal court judge.

On appeal, defendant raises the following arguments:

> POINT I
>
> THIS COURT SHOULD DISMISS THIS MATTER BECAUSE [DEFENDANT]'S RIGHT TO A SPEEDY TRIAL WAS VIOLATED.

5

POINT II

THIS COURT SHOULD ACQUIT [DEFENDANT] OF DWI BECAUSE THE PROOFS FAIL TO ESTABLISH THAT HE WAS UNDER THE INFLUENCE OF ALCOHOL BEYOND A REASONABLE DOUBT.

II.

On appeal from a municipal court to the Law Division, the standard of review is de novo on the record. Pressler and Verniero, <u>Current N.J. Court Rules</u>, cmt. 1.1 on <u>R.</u> 3:23-8 (2025). The Law Division makes a new decision on its own, although it gives due regard to the municipal judge's opportunity to view the witnesses. <u>State v. Johnson</u>, 42 N.J. 146, 157 (1964). Because the Law Division judge is not in a position to judge the credibility of witnesses, deference is due to the credibility findings of the municipal court judge. <u>State v. Locurto</u>, 157 N.J. 463, 472 (1999). <u>See</u> <u>R.</u> 3:23-8(a) governing de novo criminal trials.

Our scope of review is both narrow and deferential. <u>State v. Stas</u>, 212 N.J. 37, 48-49 (2012). We will "uphold the factual findings underlying the trial court's decision, provided that those findings are 'supported by sufficient credible evidence in the record.'" <u>State v. Boone</u>, 232 N.J. 417, 425-26 (2017) (quoting <u>State v. Scriven</u>, 226 N.J. 20, 40 (2016)). However, our review is limited to determining whether there is sufficient credible evidence present in the record to uphold the findings of the Law Division, not the municipal court.

A-3005-23

Johnson, 42 N.J. at 162. But like the Law Division, we are not in a good position to make findings. Locurto, 157 N.J. at 471. We may not "weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence." State v. Barone, 147 N.J. 599, 615 (1997). We also must defer to the trial court's credibility findings. State v. Cerefice, 335 N.J. Super. 374, 383 (App. Div. 2000).

Moreover, when the Law Division agrees with the municipal court, the two-court rule must be considered. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." 157 N.J. at 474. "However, no such deference is owed to the Law Division or the municipal court with respect to legal determinations or conclusions reached on the basis of the facts." Stas, 212 N.J. at 49.

A determination by a trial judge whether defendant was deprived of his right to a speedy trial should not be overturned unless the decision is clearly erroneous. State v. Tsetsekas, 411 N.J. Super. 1, 10 (App. Div. 2009). We afford deference to the trial court's factual findings as to the assessment and balancing of the Barker factors. State v. Fulford, 349 N.J. Super. 183, 195 (App.

7

Div. 2002).  Thus, we will reverse only if the decision is shown to be so erroneous that no reasonable analysis could have produced it.

III.

We first consider defendant's argument the Law Division judge erred in denying his motion to dismiss based on a violation of his right to a speedy trial. A defendant's right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I of the New Jersey Constitution. U.S. Const. amend. VI; N.J. Const. art. I, PP1,10.  This right attaches at the time of a defendant's arrest. Tsetsekas, 411 N.J. Super at 8.

In determining whether a defendant's constitutional right to a speedy trial has been violated, courts consider the four-factor balancing test set forth in Barker, which focuses on:  (1) the length of the delay before trial; (2) the reason for the delay and, specifically, whether the government or the defendant is more to blame; (3) the extent to which the defendant asserted his speedy trial right; and (4) the prejudice to the defendant.  Barker 407 U.S. at 530-32.  In State v. Cahill, our Supreme Court embraced the Barker four-factor test.  213 N.J. 253, 258 (2013).  The Cahill Court added, "[n]one of the Barker factors [are] determinative, and the absence of one or some of the factors is not conclusive of the ultimate determination of whether the right has been violated."  Id. at 267

8

(citing Barker, 407 U.S. at 533). "[T]he factors are interrelated, and each must be considered in light of the relevant circumstances of each particular case." Tsetsekas, 411 N.J. Super. at 10 (citing Barker, 407 U.S. at 533).

We have previously cautioned, however, against deciding "how long is too long . . . 'by sole reference to the lapse of a specified amount of time.'" State v. Detrick, 192 N.J. Super. 424, 426 (App. Div. 1983) (quoting State v. Smith, 131 N.J. Super. 354, 360 (App. Div. 1974)). Legitimate delays, "however great," will not violate the defendant's right to a speedy trial if it does not specifically prejudice defendant's defense. Doggett v. United States, 505 U.S. 647, 656 (1992). Moreover, it bears emphasis that "any delay that defendant caused or requested would not weigh in favor of finding a speedy trial violation." State v. Long, 119 N.J. 439, 470 (1990) (quoting State v. Gallegan, 117 N.J. 345, 355 (1989)). When analyzing the first factor in a DWI case, it is important to note that "'[t]he New Jersey judiciary is, as a matter of policy, committed to the quick and thorough resolution of DWI cases.'" Tsetsekas, 411 N.J. Super. at 11 (quoting Farrell, 320 N.J. Super. at 446-47).

In State v. Szima, our Supreme Court held that despite a twenty-two-month delay between his arrest and trial, defendant was not denied his right to a speedy trial. 70 N.J. 196, 202 (1976). The court stated

A-3005-23

Here defendant was not subjected to lengthy pretrial incarceration. He made no effort to assert his right to a speedy trial by moving to dismiss the pending complaint under R. 3:25-3. He claims no impairment of his ability to defend. Balancing these factors with the twenty-two-month delay and the State's failure to explain such delay we conclude that defendant was not denied his Sixth Amendment right to a speedy trial. See People v. Taranovich, 37 N.Y.2d 442, 373 N.Y.S.2d 79, 335 N.E.2d 303 (1975) (one year interval between arraignment and indictment). However, our holding should not be understood to put a stamp of approval on the delay here involved. It should not have happened.

[Szima, 70 N.J. at 202].

Here, a delay of twenty months occurred between defendant's arrest and his trial. While this delay is significant, like in Szima, defendant was not denied his right to a speedy trial when considering the remaining factors in the Barker test.

Regarding the other three factors, the Law Division held these factors weighed in favor of the State because the delays were attributable to defendant, he was not ready to proceed to trial, and he could not prove any prejudice. The Law Division noted that defense requested adjournments for discovery matters on March 8, 2022; April 12, 2022; June 7, 2022; September 6, 2022; and then on October 18, 2022, the municipal court denied defendant's discovery motion and categorized the delays as part of the "ordinary course . . . of trial . . . ." The

court also noted that the municipal court categorized the discovery motion as turning into a "fishing expedition."

Having reviewed the record, we agree that the <u>Barker</u> factors weighed in favor of the State and supported denial of defendant's speedy trial motion. Considering the overall length of the delay (twenty months), the reasons for the delay, when defendant was ready to proceed, and the minimal prejudice, there was no violation of defendant's constitutional right to a speedy trial.

We next address defendant's argument that the evidence did not prove defendant was guilty beyond a reasonable doubt. Following trial in municipal court, Marchetti's testimony was found to be "credible and forthright" regarding his interactions with appellant. The court further found:

> The aggregate of the observations of the defendant's demeanor and physical appearance, as testified to by Officer Marchetti, . . . the defendant's admissions of alcohol consumption and a poor performance on the one-leg-stand and the walk-and-turn test, which were documented by the approximate[ly] twenty-minute video, were more than sufficient to sustain a finding of guilt.

The court continued stating "[c]learly, in the present matter, the field sobriety testing and overall observations of Officer Marchetti, along with video, provided ample evidence of the defendant's guilt beyond a reasonable doubt."

11

The Law Division found substantially the same facts as the Municipal Court. The court concluded that "the State, through the testimony of Officer Marchetti, has proven beyond a reasonable doubt that the amount of alcohol defendant had consumed had an effect on his mental faculties and physical coordination" and therefore "will convict defendant of the charge of DWI and will deny defendant's motion for acquittal."

A defendant's guilt of DWI can be proved by either "proof of a defendant's physical condition or proof of a defendant's blood alcohol level." State v. Kashi, 360 N.J. Super. 538, 545 (App. Div. 2003), aff'd, o.b. 180 N.J. 45 (2004). Therefore, testimony of an officer who observes signs of a defendant's intoxication is sufficient to prove guilt of DWI beyond a reasonable doubt. See Johnson, 42 N.J. at 166; see also State v. Pichadou, 34 N.J. Super. 177, 180-81 (App. Div. 1955). Based on observational evidence, corroborated by the MVR, the court found beyond a reasonable doubt that defendant was under the influence. As such, there is sufficient credible evidence present in the record to uphold these findings.

To the extent we have not specifically addressed any other contentions raised by defendant, they lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

A-3005-23

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

13